UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE LAWSON-KING,<br><br>    Plaintiff,<br><br>    v.<br><br>NEIGHBOR TO NEIGHBOR HOMES, LLC, et al.,<br><br>    Defendants. | No. 2:25-cv-01299-DC-CKD (PS)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 3) |

This matter is before the court on Plaintiff Janice Lawson-King's *pro se* motion for a temporary restraining order. (Doc. No. 3.) The court does not find it appropriate to set the motion for a hearing pursuant to Local Rule 231(c). For the reasons explained below, the court will deny Plaintiff's motion.

**BACKGROUND**

On May 6, 2025, Plaintiff Janice Lawson-King filed the complaint initiating this action against Defendants Neighbor to Neighbor Homes, LLC; Wells Fargo Bank; and Western Progressive, LLC. (Doc. No. 1.) Plaintiff's complaint does not clearly articulate the claims Plaintiff seeks to bring against Defendants, but it appears Plaintiff seeks relief related to property located at 8739 Lockeport Court, Elk Grove, CA 95624 (the "Property"). (Doc. No. 1 at 1.) In her complaint, Plaintiff alleges she resides at and owns the Property. (*Id*.) Plaintiff appears to bring a claim of adverse possession of the Property, but she also attempts to "incorporate into this matter"

1

1   claims under several federal statutes including the Fair Debt Collections Practice Act, the Fair
2   Credit Reporting Act, the Consumer Financial Protection Act, and the Consumer Financial
3   Security and Exchange Act. (*Id.* at 5, 18.)
4       Also on May 6, 2025, Plaintiff filed a motion to proceed *in forma pauperis* and a motion
5   for a temporary restraining order. (Doc. Nos. 2, 3.) It is unclear from Plaintiff's motion for
6   temporary restraining order what injunctive relief Plaintiff seeks from the court. In her motion for
7   a temporary restraining order, Plaintiff requests that the court enjoin Defendants from "initiating
8   or advancing foreclosure" of the Property, but the temporary restraining order checklist Plaintiff
9   attached to her motion suggests Plaintiff is seeking to stop an eviction from occurring in five
10  days. (Doc. Nos. 3 at 5, 3-1 at 2.) Plaintiff's complaint further suggests that a foreclosure sale has
11  already occurred because it references an unlawful detainer action pending in Sacramento County
12  Superior Court.[1] (Doc. No. 1 at 1, 10–11, 13, 18.)

### LEGAL STANDARD

14      The purpose of a temporary restraining order is to preserve the status quo and to prevent
15  irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose*
16  *Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). The standard governing the issuing
17  of a temporary restraining order is "substantially identical" to the standard for issuing a
18  preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7
19  (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a
20  likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the
21  absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party;
22  and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S.
23  7, 20 (2008). A plaintiff seeking a preliminary injunction must make a showing on all four of
24  these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

---

[1] In light of a potential unlawful detainer action in state-court related to the Property, it is unclear whether this court has jurisdiction over Plaintiff's claims in this case. *See Thawani v. Robertson*, No. 16-cv-03732-JCS, 2016 WL 4472986, at *1 (N.D. Cal. July 18, 2016), *report and recommendation adopted*, No. 16-cv-03732-WHA, 2016 WL 4436308 (N.D. Cal. Aug. 23, 2016) ("Unlawful detainer is a state law claim that does not implicate federal law.").


Courts within the Ninth Circuit may also consider a request for a temporary restraining order using a "sliding scale" approach in which "a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131–35. "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022) (citing *All. for the Wild Rockies*, 632 F.3d at 1135). Nevertheless, injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The Eastern District of California's Local Rules impose specific requirements on those who request a temporary restraining order. Local Rule 231 requires "actual notice to the affected party and/or counsel" except in "the most extraordinary of circumstances." L.R. 231(a). "Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested of the [c]ourt, and the nature of the relief to be requested." *Id*. Under Federal Rule of Civil Procedure 65(b)(1), a court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Further, Local Rule 231 requires the court to consider "whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." L.R. 231(b). If the court finds that there was undue delay in seeking injunctive relief, the court may deny the requested temporary restraining order on those grounds alone. *Id.*

## ANALYSIS

The court is unable to grant the relief Plaintiff requests in her motion for a temporary restraining order for several reasons.

As a preliminary matter, Plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 65(b)(1) or Local Rule 231 governing applications for temporary restraining orders. Courts regularly deny temporary restraining orders where movants fail to comply with procedural requirements, including where the movants are *pro se* plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (discussing Federal Rule of Civil Procedure 65 and noting that "courts have recognized very few circumstances justifying the issuance of an *ex parte* [temporary restraining order]"); *Abdel-Malak v. Doe*, No. 5:20-cv-00322-CJC-KK, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying temporary restraining order sought by *pro se* plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

First, it is unclear from the record before the court whether Defendants were provided "actual notice" of Plaintiff's pending motion for a temporary restraining order.[2] In the temporary restraining order checklist attached to her motion, Plaintiff indicates that there has been "actual notice, or a sufficient showing of efforts to provide notice to the affected party." (Doc. No. 3-1 at 1.) In her motion, however, Plaintiff states only that she "has given 24 hours notice to all defendants in this action." (Doc. No. 3 at 3.) Plaintiff has not provided an affidavit detailing this notice or describing the efforts Plaintiff took to effect notice. *See* L.R. 231(c)(5). Nor has Plaintiff demonstrated extraordinary circumstances warrant the issuance of a temporary restraining order in the absence of actual notice. L.R. 231(a). Plaintiff's failure to make such a showing warrants denial of her motion.

Second, Plaintiff acknowledges in the temporary restraining order checklist attached to her motion that there has been "undue delay" in bringing her motion. (Doc. No. 3-1 at 1.) According to Plaintiff, Defendant Wells Fargo Bank recorded a "Notice of Trustee Sale" for the Property on or about November 1, 2024 and "scheduled a foreclosure sale of Plaintiff's property

---

[2] The court does not assume Defendants received "actual notice" of Plaintiff's motion for temporary restraining order through CM/ECF Notice of Electronic Filing because no named defendants have appeared in this matter.

4

for December 4, 2024." (Doc. No. 3 at 6, 8.) Plaintiff does not provide an explanation for why she delayed seeking a temporary restraining order for over five months. Although Plaintiff indicates her motion could not have been brought earlier because "wrong info given [sic]" and suggests an expedited hearing on her pending motion is needed due to a "5 day eviction [sic]" (Doc. No. 3-1), there is nothing before the court to suggest Plaintiff could not have "sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last minute relief by motion for temporary restraining order," L.R. 231(b). Thus, denial of Plaintiff's motion is also warranted on this basis alone.

In addition to these procedural deficiencies, Plaintiff's motion also suffers from substantive deficiencies. As noted above, Plaintiff has not clearly articulated her claims in her complaint, and she does not specify what injunctive relief she seeks in her motion. Moreover, Plaintiff's allegations in her complaint and motion are contradictory and incomplete. For example, Plaintiff states in her motion that she seeks a temporary restraining order enjoining defendants from "foreclosing and/or selling" the Property (Doc. No. 3 at 3), but in the temporary restraining order checklist, she indicates she is seeking to stop an eviction by stating that an expedited hearing is required because of a "5 day eviction," (Doc. No. 3-1 at 2). Moreover, Plaintiff's complaint refers to an unlawful detainer action and requests the court "dismiss unlawful detainment," suggesting a foreclosure sale may have already occurred and Plaintiff may be attempting to stop an eviction. (Doc. No. 1 at 13, 15, 18.) Further complicating matters, Plaintiff appears to assert a "claim of adverse possession" in her complaint, alleging she has maintained possession of the Property "continuously, notoriously, openly, adversely, and lawfully," and seeks the "remedy [of her] legal right of adverse possession." (*Id.* at 1, 4, 6.) It is therefore unclear whether plaintiff is seeking to enjoin defendants from proceeding with a foreclosure sale, whether a foreclosure sale has already taken place, whether plaintiff is attempting to stop an eviction, or whether plaintiff is claiming adverse possession of the Property.

Given the lack of clarity as to Plaintiff's claims in this case and the specific injunctive relief sought by her motion for a temporary restraining order, Plaintiff has plainly not established that she has a likelihood of success on the merits, a likelihood that she will suffer irreparable

5

1  harm in the absence of preliminary injunctive relief, that the balance of equities tips in her favor,
2  or that an injunction is in the public interest. *See Winter*, 555 U.S. at 20; *see also Genesoto v.*
3  *Ryan Remington the Mortg. L. Firm*, No. 2:19-cv-00282-KJM-AC, 2019 WL 633465, at *1–2
4  (E.D. Cal. Feb. 14, 2019) (denying request for temporary restraining order where plaintiff's
5  contradictory allegations regarding a foreclosure sale and unlawful detainer action prevented the
6  court from analyzing his request for relief under the *Winter* factors).

Therefore, the court will deny Plaintiff's motion for temporary restraining order.

**CONCLUSION**

For the reasons explained above,

1. Plaintiff's motion for a temporary restraining order (Doc. No. 3) is DENIED; and
2. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **May 7, 2025**

Dena Coggins
United States District Judge