UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE LAWSON-KING, | No. 2:25-cv-01299-DC-CKD PS |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| NEIGHBOR TO NEIGHBOR HOMES, LLC, et. al., | |
| Defendants. | |

    Plaintiff Janice Lawson-King proceeds pro se and in forma pauperis in this action. This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). On May 6, 2025, plaintiff filed her initial complaint. (ECF No. 1.) The Court screened plaintiff's complaint and granted plaintiff's application to proceed in forma pauperis but dismissed plaintiff's complaint with leave to amend. (ECF No. 6.) Plaintiff was granted thirty (30) days to file an amended complaint. Plaintiff did not file an amended complaint within the timeframe allotted, and on June 16, 2025, the Court issued findings and recommendations, recommending that the action be dismissed for failure to prosecute. (ECF No. 7.) Plaintiff then filed a request for extension of time to file her amended complaint on June 30, 2025. (ECF No. 8.) Accordingly, the Court vacated the findings and recommendations (ECF No. 9) and granted

plaintiff's extension of time. (ECF No. 9.) Plaintiff filed her first amended complaint ("FAC") filed on July 3, 2025, which is now before the Court for screening. (ECF No. 10.)

## I.     Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See id. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122 (en banc).

////

II.     **Allegations in the Complaint**

Plaintiff lists the following claims she is attempting to bring: that she was denied her right to constitutional due process; "counter claim of foreclosure fraulent [sic] sale"; "complaint payment was tendered to bring payments up to date"; "complaint payment was tender for complete bill setoff"; "complaint denied legal right of possession"; "complaint of unlawful detainer"; "complaint attorney lied re receipt of documents"; "complaint denied legal representation by attorney"; and "complaint discriminatorial [sic] farce of a hearing." (ECF No. 10 at 2.) Plaintiff lists Wells Fargo Bank and Neighbor to Neighbor Homes, LLC as defendants. (Id. at 1.) Plaintiff states that she requests "equitable redemption" of her property and the ability to prove that her "note was the collateral and security for [a] loan." (Id. at 2.) She also requests that all illegal foreclosure actions taken against her be dismissed. (Id.) Plaintiff alleges that she was wrongfully foreclosed upon after paying the required amount. (Id. at 3.) Plaintiff also requests the opportunity to prove her case which she was not allowed to do in the Superior Court. (Id.)

III.    **Discussion**

A.  **Plaintiff's Petition (ECF No. 11)**

On July 3, 2025, in addition to the FAC, plaintiff filed a document titled "petition to declare nonjudicial foreclosure unconstitutional and to enforce federal monetary laws, collateral statutes, and securitization limits under Public Law 73-1, operating circular no. 10, and the borrower-in-custody program." (ECF No. 11.) The purpose of this document is unclear. In the initial screening order, plaintiff was granted leave to file an amended complaint. (ECF No. 6.) It appears clear that plaintiff intends the FAC to be her operative complaint as the document is clearly labeled a "complaint," therefore the Court will construe the FAC (ECF No. 10) as the operative complaint. To the extent plaintiff intends the petition to be an additional complaint, plaintiff has not sought the Court's leave to file a second amended complaint. See Fed. R. Civ. P. 15(a)(2); Tapia v. Diaz, 2021 WL 1546447, at *1 (E.D. Cal. Apr. 20, 2021). The Court has reviewed the petition and notes that 1.5 pages of the 4 page petition are the same as the FAC. As discussed below, plaintiff's FAC is deficient, and any amendment would be futile. See Eminence

1  Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). Therefore, the Court will
2  STRIKE plaintiff's petition.

### B. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

The presumption is against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (citing Kokkonen, 511 U.S. at 377). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (court may dismiss an action sua sponte for lack of jurisdiction).

Plaintiff has not established the Court's subject matter jurisdiction. (See ECF No. 1.) Plaintiff states that she was denied her constitutional right to due process, and lists other federal laws, including the Fifth Amendment Takings Clause, the Fair Debt Collections Practices Act, and the Fair Credit Reporting Act. (Id. at 1, 5.) However, the complaint does not adequately allege facts sufficient to support her claims and does not present any federal question. Plaintiff does not sufficiently describe how her rights were violated or provide facts demonstrating that her claims are valid under federal law. Plaintiff's main allegations seem to involve an allegedly wrongful foreclosure, but she has not described how these allegations violate federal law.

Further, the complaint does not allege that there is diversity of citizenship between the parties because plaintiff does not list where either defendant is incorporated or has its principal place of business. (See ECF No. 10.)

Also, plaintiff states that she requests the opportunity to prove her case which she was not allowed to do in Superior Court because of a "prejudicial judge." (ECF No. 10 at 3.) To the extent plaintiff is alleging that there was a prior state court action that is now closed, the Court cannot

4

1  hear this case because it is barred by the Rooker-Feldman doctrine. Federal district courts do not
2  have appellate jurisdiction over state courts. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923);
3  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). The Rooker-
4  Feldman doctrine "prohibits a federal district court from exercising subject matter jurisdiction
5  over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359
6  F.3d 1136, 1139 (9th Cir. 2004). The Rooker-Feldman doctrine applies to federal constitutional
7  challenges to state court decisions, including claims under 42 U.S.C. § 1983. Benavidez v.
8  County of San Diego, 993 F.3d 1134, 1142-43 (9th Cir. 2021) (quoting Doe & Assocs. Law
9  Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001)).

10      A federal court action constitutes a forbidden de facto appeal under Rooker-Feldman
11  when the plaintiff complains of a legal injury caused by a state court judgment, based on an
12  allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants.
13  Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). Or the plaintiff may complain of harm caused
14  by a state court judgment that directly withholds a benefit from the plaintiff, based on an
15  allegedly erroneous ruling by the court. Id. "Once a federal plaintiff seeks to bring a forbidden de
16  facto appeal, . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably
17  intertwined' with the state court judicial decision from which the forbidden de facto appeal is
18  brought." Id. at 1158. To the extent plaintiff seeks a remedy that invalidates a state court decision,
19  plaintiff is asking this Court to "review the final determinations of a state court in judicial
20  proceedings" which is prohibited by the doctrine of Rooker-Feldman. In re Gruntz, 202 F.3d
21  1074, 1079 (9th Cir. 2000) (citation omitted). Accordingly, this Court lacks subject matter
22  jurisdiction to hear this case.

### C. Failure to Comply with Federal Rule of Civil Procedure 8

24      Plaintiff's complaint does not contain a short and plain statement of a claim as required by
25  Federal Rule of Civil Procedure 8. To give fair notice of the claims and the grounds on which
26  they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific
27  defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).
28  Plaintiff's FAC still does not clearly articulate the claims plaintiff seeks to bring against

defendants. Plaintiff states that she is seeking "equitable redemption of [her] property" and requests that illegal foreclosure actions be dismissed (ECF No. 10 at 2) but does not adequately allege facts that show that her property was improperly foreclosed upon. Plaintiff also states that she tendered a promissory note to the bank as collateral and believes that she was wrongfully foreclosed upon after paying the proper amount. (Id. at 2-3.) However, plaintiff does not provide sufficient facts to support her claims. Plaintiff has not alleged sufficient facts to show that either defendant violated her rights. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff's complaint is subject to dismissal. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### D.  Leave to Amend

For all these reasons, the FAC should be dismissed. Plaintiff was given an opportunity to amend her complaint, and the FAC did not overcome the deficiencies outlined in the Court's first screening order. (See ECF No. 6.) It is apparent that further amendment would be futile and leave to amend is not appropriate. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend shall be freely given, the court need not allow futile amendments). Accordingly, the FAC should be dismissed without leave to amend.

### IV.  Conclusion

For the reasons set forth above, IT IS ORDERED that plaintiff's Petition (ECF No. 11) is STRICKEN.

Additionally, IT IS RECOMMENDED as follows:

1. Plaintiff's First Amended Complaint (ECF No. 10) be DISMISSED without leave to amend; and
2. The Clerk of the Court be directed to close this case.

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 11, 2025

*[signature: Carolyn K. Delaney]*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, laws.1299.25